UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR G. GONZALEZ BARAJAS,

               Petitioner,

   v.

ICE FIELD OFFICE DIRECTOR,

              Respondent.

Case No. C22-804-MJP-SKV

REPORT AND RECOMMENDATION

      Petitioner Hector Gonzalez Barajas is a native and citizen of Mexico. He initiated this federal habeas action under 28 U.S.C. § 2241 to obtain release from immigration detention or a bond hearing. *See* Dkt. 1. At the time he filed his petition, Petitioner was confined at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he was awaiting adjudication by the Board of Immigration Appeals ("BIA") of his request to withdraw a then-pending appeal of an immigration judge's decision denying his application for cancellation of removal, and an accompanying request that the BIA grant him voluntary departure to Mexico. *See id.*; Dkt. 6, ¶¶ 6, 7, 14; Dkt. 7, Ex. G. Petitioner asserted in his petition that his prolonged detention violated his due process rights. *See* Dkt. 1.

REPORT AND RECOMMENDATION - 1

The Court ordered that the petition be served on the Government (Dkt. 3) and, on July 14, 2022, the Government filed a motion to dismiss this action, arguing that Petitioner's detention was neither indefinite nor prolonged, and that Petitioner had already been afforded significant due process (*See* Dkt. 5 at 1-2). The Government also explained in its motion to dismiss that Petitioner was likely to soon be out of custody and removed from the United States, as he was merely awaiting a ruling by the BIA on his request to withdraw his appeal. *See* Dkt. 5 at 1, 3, 11. The Government's motion to dismiss was noted for consideration on August 12, 2022. *See id*. at 1.

On July 27, 2022, the Government filed a motion to supplement the pleadings in which it advised that the BIA granted Petitioner's request to withdraw his appeal on July 14, 2022, that Petitioner's order of removal became final at that time, and that Petitioner was removed to Mexico on or about July 26, 2022. *See* Dkt. 8 at 1-2; Dkt. 9, Ex. H; Dkt. 10, ¶¶ 3-6. The Government requested in its motion to supplement that Petitioner's federal habeas petition be dismissed as moot given that he is no longer in federal custody and the only relief sought in the petition was release from custody. Dkt. 8 at 2.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). The record makes clear that the only relief Petitioner sought by way of this federal habeas action was release from custody because he believed his detention was unlawful. *See* Dkt. 1. Petitioner's claims were fully resolved by his release from custody, there are no collateral consequences that could be

REPORT AND RECOMMENDATION - 2

redressed by the Court, and Petitioner's federal habeas petition is therefore moot. *See Abdala*, 488 F.3d at 1065.

Based on the foregoing, this Court recommends that the Government's motion to supplement the pleadings and dismiss Petitioner's habeas petition as moot (Dkt. 8) be granted, that the Government's original motion to dismiss the petition (Dkt. 5) be denied as moot, and that Petitioner's federal habeas petition (Dkt. 1) and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 23, 2022**.

Dated this 30th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3